**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA**

| | |
|---|---|
| ANDREA VEST, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 8:24-cv-02965-VMC-AEP |
| | ) |
| CAPITAL RESORTS GROUP, LLC | ) |
| d/b/a CAPITAL VACATIONS | ) |
| CLUB, INC., | ) |
| | ) |
| Defendant. | ) |

**DEFENDANT'S MOTION TO COMPEL ARBITRATION AND TO
DISMISS OR STAY PROCEEDINGS WITH SUGGESTIONS**

Defendant Capital Resorts Group, LLC (hereinafter referred to as "CRG," "Capital," or "Defendant") respectfully moves the Court pursuant to 9 U.S.C. §§ 1 *et seq.*, to enter an order compelling arbitration of the claims asserted by Plaintiff and dismissing this action, or in the alternative, staying litigation of Plaintiff's claims because Plaintiff is obligated to arbitrate this dispute pursuant to the binding Arbitration Agreement entered into between the parties. In support of its Motion, Defendant states as follows:

### INTRODUCTION AND FACTUAL BACKGROUND

On January 6, 2024, Plaintiff executed and entered into two Capital Vacations Club Capital Plus Purchase and Security Agreements with CRG (Contract Nos. 1235169 and 1235170) in connection with Plaintiff's trade-in and conversation of her existing timeshare, and her purchase of membership interests in the Capital Vacations Club multi-timeshare plan, which membership is defined

1

as a and consists of a Class A-1 Membership in Defendant Capital Vacations Club, Inc. (which is the club association).  Subsequently, a few months later, on April 20, 2024, Plaintiff executed and entered into another Capital Vacations Club Capital Plus Purchase and Security Agreements with CRG (Contract No. 1241664) to upgrade and purchase additional interests in the Capital Vacations Club. True correct copies of the Capital Plus Contracts Nos 1235169, 1235170, and 1241664 are attached and incorporated by reference as **Exhibits A, B, and C** (the "Purchase Agreements").

Above Plaintiff's signature on each of the Purchase Agreements, there is a conspicuous all capitalized notice that the Purchase Agreement contains a binding arbitration agreement, as well as choice of law, forum selection and jury waiver provisions.  The notice provides as follows:

> THIS CONTRACT CONTAINS A BINDING ARIBTRATION PROVISION WHICH MAY BE ENFORCE BY THE PARTIES.  THIS CONTRACT ALSO CONTAINS A CHOICE OF LAW, FORUM SELECTION AND CLASS ACTION AND JURY WAIVER PROVISIONS WHICH MAY BE ENFORCE BY THE PARTIES.

Section 34 of each Purchase Agreement contains a Binding Arbitration Agreement, which provides in pertinent part as follows:

> **34.   Arbitration Agreement.  PLEASE READ THIS AGREEMENT CAREFULL. IT PROVIDES THAT CERTAIN DISPUTES MUST BE RESOLVED BY MEDIATION AND BINDING ARBITRATION. ARBITRATION REPLACES THE RIGHT TO GO TO COURT.  YOU WILL NOT BE ABLE TO BRING A CLASS ACTION, MASS ACTION OR OTHER REPRESENTATIVE ACTION IN COURT, SUCH AS THAT IN THE FORM OF A PRIVATE ATTORNEY GENERAL ACTION, NOR WILL YOU BE ABLE TO BRING ANY CLAIM IN**

2

**ARBITRATION AS A CLASS ACTION, MASS ACTION OR OTHER REPRESENTATIVE ACTION. YOU WILL NOT BE ABLE TO BE A PART OF ANY CLASS ACTION, MASS ACTION OR OTHER REPRESENTATIVE ACTION BROUGHT BY ANYONE ELSE, OR BE REPRESENTED IN A CLASS ACTION, MASS ACTION OR OTHER REPRESENTATIVE ACTION. IN THE ABSENCE OF THIS ARBITRATION AGREEMENT, YOU AND WE MAY OTHERWISE HAVE HAD A RIGHT OR OPPORTUNITY TO BRING CLAIMS IN A COURT, BEFORE A JUDGE OR JURY, AND/OR TO PARTICIPATE OR BE REPRESENTED IN A CASE FILED IN COURT BY OTHERS (INCLUDING CLASS ACTIONS, MASS ACTIONS AND OTHER REPRESENTATIVE ACTIONS). OTHER RIGHTS THAT YOU WOULD HAVE IF YOU WENT TO A COURT, SUCH AS DISCOVERY OR THE RIGHT TO APPEAL THE DECISION, MAY BE MORE LIMITED. EXCEPT AS OTHERWISE PROVIDED BELOW, THOSE RIGHTS ARE WAIVED.**

This Agreement contemplates and constitutes a transaction involving interstate commerce between the parties. This Arbitration Agreement is made pursuant to and shall be governed by and enforceable under Title 9 of the U.S. Code (the Unted States Arbitration Act, commonly known as the Federal Arbitration Act "**FAA**") as it may be amended.

a.      **Claims/Disputes Subject to Arbitration and Mediation.**  In the event of any bona fide dispute, claim, question, or disagreement between the parties to this Agreement or their respective parents, successors, assigns, affiliates, members, managers, employees or agents, which arises from or in any manner relates to this Agreement or the documents referenced herein, or the obligations created by this Agreement or the documents referenced herein, or the obligations created by this Agreement or the documents referenced herein, or any other agreement between the parties, including the formation of this Agreement, the performance of this agreement, or the breach of this Agreement, or any representation made in connection with this Agreement or the Capital Vacations Club, or any alleged violation of state or federal law, the parties hereto shall use their best efforts to amicably settle the dispute, claim, question or disagreement.  To this effect, and prior to filing a lawsuit or lodging any complaint with a governmental or non-governmental agency or other third party, the parties shall participate in at least (2) hours of mandatory mediation in Myrtle Beach, SC, or such other location as may be mutually agreed upon by the parties, before a

3

mediator mutually agreement upon by the parties …. **If a mutually agreeable solution to the dispute is not reached at mediation, then, upon notice by either party to the other, all disputes, claims, questions or differences, including all claims or causes of action at law or equity, arising from or in any way relating to this Agreement, or the formation, validity, performance or breach of this Agreement or the obligations created by this Agreement, including without limitation issues of arbitrability, the validity and enforceability of this Agreement or this Arbitration Agreement, the sales practices and representations leading to this Agreement, and claims of fraudulent inducement, fraud, negligence, deceptive practices, coercion, duress, undue influence, any alleged violation of any consumer protection laws or any state or federal laws, or any alleged breach of the duty of good faith and fair dealing shall be decided, resolved and finally settled by binding arbitration administered by the American Arbitration Association ("AAA") in accordance with its commercial arbitration rules, including Rule R-7 and the optional appellate arbitration rules, which rules are expressly incorporated herein, and judgment on the award may be rendered by the arbitrator(s) may be entered and/or registered in any court having jurisdiction thereof … .** (Emphasis added).

\*    \*    \*

g. **Attorneys' Fees.** In the event any party initiates, files or brings suit or commences an action for judicial relief with respect to any arbitrable dispute or claim (other than those excepted from the arbitration provisions of this agreement) without first participating in mandatory mediation and arbitration, said suit or action shall be subject to immediate withdrawal, dismissal and/or stay, and the party initiating the suit or action shall be compelled to arbitrate his/her/its claims or disputes. In addition, the party who prematurely initiates suit or action shall be responsible to immediately pay all reasonable attorneys' fees, paralegal fees, court costs, and expenses incurred by the other party to stay or dismiss such action and/or to compel, remove or refer such claim or dispute to arbitration. If either party appeals an arbitration award or commences an action to vacate or modify an arbitration award and such party does not prevail, such party will pay all costs and expenses, including reasonably attorneys, fees, incurred by the other party in defending such action.

4

The Arbitration Agreements contained in each of Plaintiff's three Purchase Agreements is broad in scope and expressly cover Plaintiffs' claims. Moreover, the equally broad delegation provision delegates all issues including "issues of arbitrability, the validity and enforceability of this Agreement or this Arbitration Agreement,..., and claims of fraudulent inducement, fraud, negligence, deceptive practices, coercion, duress, undue influence, any alleged violation of any consumer protection laws or any state or federal laws..." to the arbitrator. **See Exs. A-C** §34. Although Plaintiff clearly entered into the Arbitration Agreements which obligate Plaintiff to mediate and then arbitrate her claims, Plaintiff nonetheless filed this lawsuit in Florida state court. All of Plaintiff's claims fall squarely within the broad scope of the Arbitration Agreements. In fact, Plaintiff's claims are specifically identified as being subject to binding arbitration per the express terms of the Arbitration Agreements. As such, under the FAA and applicable law, this Court should compel Plaintiff to arbitrate her claims in accordance with the terms of the Arbitration Agreement, dismiss Plaintiff's suit or stay the proceedings pending arbitration, and award Defendant its costs and attorneys' fees as provided in §34(d) of the Arbitration Agreement.

**ARGUMENT**

**I.      Plaintiffs should be compelled to arbitrate this dispute.**

The Arbitration Agreements contained in the Purchase Agreements expressly provides that the Arbitration Agreements "shall be governed and enforced under Title 9 of the U.S. Code (the Unted States Arbitration Act,

5

commonly known as the Federal Arbitration Act "**FAA**") as it may be amended." **Ex. A-C** §34.

The Federal Arbitration Act ("FAA") compels arbitration of this dispute.  The FAA, 9 U.S.C. §§ 1-16, establishes a "liberal federal policy favoring arbitration." *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 339 (2011) (quoting *Moses H. Cone Mem'l Hosp. v. Mercury Const. Corp.*, 460 U.S. 1, 24 (1983)).  Section 2 of the FAA provides, in pertinent part:

> [A] written provision in any . . . contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction . . . ***shall be* valid, irrevocable, and enforceable,** save upon such grounds as exist at law or in equity for the revocation of any contract.

9 U.S.C. § 2 (emphasis added). This section reflects both the liberal federal policy favoring arbitration and the "fundamental principal that arbitration is a matter of contract," and "[i]n line with these principles, courts must place arbitration agreements on an equal footing with other contracts . . . and enforce them according to their terms[.]" *Concepcion*, 563 U.S. at 339 (internal citations omitted).  As shown below, the FAA governs the Arbitration Agreement at issue in this case.

### A. The FAA applies to the Arbitration Clause.

The FAA governs the applicability and enforceability of arbitration agreements in all agreements involving interstate commerce. *Caley v. Gulfstream Aerospace Corp.,* 428F.3d 1359, 1367 (11th Cir. 2005). Section 2 of the FAA extends the FAA to any "contract evidencing a transaction involving commerce[.]"  9 U.S.C.

§ 2. Section 1 defines "commerce" as "commerce among the several States[.]" The United States Supreme Court has "interpreted the term 'involving commerce' in the FAA as the functional equivalent of the more familiar term 'affecting commerce'—words of art that ordinarily signal the broadest permissible exercise of Congress' Commerce Clause power." *Citizens Bank v. Alafabco, Inc.*, 539 U.S. 52, 56 (2003).

The transactions memorialized by the Purchase Agreements certainly involve commerce. The agreements were made by Plaintiff, who is a resident of Florida, and CRG, which is a Delaware limited liability Company located in Myrtle Beach, South Carolina. **Exs. A-C**.  The subject of the Purchase Agreements is the purchase of a membership in a multi-site timeshare club. **Exs. A-C**. Moreover, the Arbitration Agreements each specifies that the FAA governs here, such that the Arbitration Agreements are within the FAA's purview.  **Exs. A-C §34.**  Given these circumstances, there is no question that the parties' agreements involves interstate commerce within the meaning of the FAA and that the FAA applies in this case.

**B.    The FAA mandates arbitration of this dispute.**

When one party has failed, neglected, or refused to comply with an arbitration agreement, the FAA requires the federal district court to compel arbitration.  *See* 9 U.S.C. §§3-4; *Bean v . E.S. Partners, Inc.,* 533 F.Supp.3d 1226, 1229 (S.D. Fla. 2021). When there is a valid arbitration agreement and it encompasses the claims asserted, the FAA requires courts to enforce the arbitration agreement according to its terms.  *Rent-A-Center, W., Inc. v. Jackson*,

561 U.S. 63, 67 (2010); *Am. Express Co. v. Italian Colors Rest.*, 570 U.S. 228, 233 (2013).  The United States Supreme Court has reaffirmed the preemptive force of the FAA, stating "[t]he overarching purpose of the FAA, evident in the text of §§ 2, 3, and 4, is to ensure the enforcement of arbitration agreements according to their terms so as to facilitate streamlined proceedings." *Concepcion*, 563 U.S. 333 at 344.  Consequently, under the FAA, the court's role is to determine whether an agreement to arbitrate exists and, if so, whether the specific dispute falls within the scope of the arbitration agreement. In making these determinations, an arbitration agreement's scope is interpreted liberally, with doubts resolved in favor of arbitration. *Moses H. Cone Mem'l Hosp. v. Mercury Const. Corp.*, 460 U.S. 1 24-25 (1983); *Doe v. Princess Cruise Lines, Ltd.,* 657 F.3d 1204, 1213 (11th Cir. 2011).

### 1. The Purchase Agreements contain a valid and enforceable Arbitration Agreement.

The FAA places arbitration agreements on an equal footing with other contracts and requires courts to rigorously enforce arbitration agreements according to their terms.  *Rent-A-Center*, 561 U.S. at 67; *Am. Express*, 570 U.S. at 233 (2013). While the FAA governs enforcement of arbitration agreements, state law generally governs whether an enforceable contract or agreement to arbitrate exists. *Arthur Andersen LLP v. Carlisle*, 556 U.S. 624, 630 (2009).

Under the Purchase Agreements' Choice of Law provision (*See* **Exs. A-C** §30), the Purchase Agreements "shall be construed in accordance with the laws of the state of Florida..."  Under Florida law, formation of a valid contract requires an

offer, acceptance, consideration, and mutual assent as to sufficiently definite essential terms. *Kolodziej v. Mason*, 774 F.3d 736, 740-41 (11th Cir. 2014).   The requirements of a valid arbitration contract are easily met here.

The Arbitration Agreements are each conspicuously set forth in Section 34 of the Purchase Agreements, and notice of the Arbitration Agreements is provided in all caps immediately above Plaintiff's signature on the Purchase Agreements. Moreover, Plaintiff not only signed the Purchase Agreements signifying her asset to the Arbitration Agreements, she also initialed each page of the Purchase Agreements, further indicating her agreement and assent to the terms of each page, including the Arbitration Agreements set forth in Section 34. There is no dispute that Plaintiff's received notice of the Arbitration Agreements and agreed and assented to its terms by signing the contract and initialing each page thereof.

When Plaintiffs accepted the offer purchase her membership in the Capital Vacations Club she accepted an offer to arbitrate the very disputes and claims she has asserted in her Complaint against CRG.  Sufficient consideration was given and exchanged, as Plaintiff was provided the Capital Vacations Club membership she purchased, and likewise agreed to mediate and arbitrate disputes between the parties. Moreover, the Arbitration Agreements themselves specify the terms of the mutual agreement to arbitrate and the exact procedure and governing rules, and binding effect of the agreements. The Arbitration Agreements are clearly and conspicuously identified in the Purchase Agreements. There is sufficient consideration, mutuality, and definite terms, such that the Arbitration Agreements

9

are valid and enforceable. Accordingly, the Arbitration Agreements must be enforced under the FAA.

### 2. Plaintiffs' claims are squarely within the scope of the Arbitration Agreement.

Whether a contract's arbitration clause requires arbitration of a given dispute is a matter of contract interpretation. *Concepcion*, 563 U.S. 333 at 339. Courts interpreting the FAA have taken a broad view in determining whether a claim falls within the scope of the arbitration agreement, and generally, "doubts concerning the scope of the arbitrable issues should be resolved in favor of arbitration[.]" *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 25-26 (1983). In fact, "it has been established that where the contract contains an arbitration clause, there is a presumption of arbitrability in the sense that an order to arbitrate the particular grievance should not be denied unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute." *AT&T Techs., Inc. v. Comm'ns Workers of Am.*, 475 U.S. 643, 650 (1996). If the allegations underlying the claims even "touch matters" covered by the agreement, those claims are within the scope of the arbitration clause. *See Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth Inc.*, 473 U.S. 614, 625 n.13 (1985). "[T]he party resisting arbitration bears the burden of proving that the claims at issue are unsuitable for arbitration." *Green Tree Fin. Corp.-Alabama v. Randolph*, 531 U.S. 79, 91 (2000). "[O]nly the most forceful evidence of a purpose to exclude [a dispute] from arbitration can prevail." *AT&T*

10

*Techs.*, 475 U.S. at 650 (citing *Steelworkers v. Warrior & Gulf Navigation Co.*, 363 U.S. 593, 584-85 (1960)).

Here, the arbitration clause is not only broad, it also specifically encompasses the very claims Plaintiff has asserted, each of which is premised upon allegations of misrepresentation/concealment of material facts that were made or deceptive practices that were employed to induce Plaintiff to purchase her timeshare interest and enter into the Purchase Agreements. Negligent and fraudulent misrepresentation, negligent concealment, fraudulent concealment, violation of Florida's Unfair and deceptive Trade Practices Act, and state and federal statutory violations related thereto are all squarely within the scope of the Arbitration Agreement. See **Exs. A-C**, §34.

## II.    **Because Plaintiff's claims are subject to arbitration, all proceedings should be dismissed or, in the alternative, stayed.**

In this instance, it is clear Plaintiff entered into a valid binding Arbitration Agreement that may be enforced by CRG.  It is also clear that Plaintiff's claims fall squarely within the broad scope of the Arbitration Agreements. Therefore, Plaintiff's Complaint, and all claims therein, must be resolved by binding arbitration. Under the FAA, dismissal is proper where all claims are subject to arbitration. *See Stifel, Nicolaus & Co. v. Freeman*, 924 F.2d 157, 158 (8th Cir. 1991)); and also *Choice Hotels Int'l, Inc. v. BSR Tropicana Resort, Inc.*, 252 F.3d 707, 709-10 (4th Cir. 2001) ("[D]ismissal is a proper remedy when all of the issues presented in a lawsuit are arbitrable."); *Fedmet Corp. v. M/V Buyalyk*, 194 F.3d

11

674 (5th Cir. 1999) ("[D]istrict courts have discretion to dismiss cases in favor of arbitration under 9 U.S.C. § 3."); *Emeronye v. CACI Int'l, Inc.*, 141 F. Supp. 2d 82, 88 (D.D.C. 2001) ("[A] court is not precluded from dismissing a claim after compelling arbitration[.]"). As demonstrated above, the claims alleged in this action are arbitrable and will be resolved by binding arbitration. Courts are required to enforce arbitration provisions by their terms. *See Rent-A-Center*, 561 U.S. at 67. As such, this Court is required to compel the Plaintiffs to arbitrate their claims against Defendants, leaving nothing for this Court to decide, such that dismissal is the proper remedy here.

Alternatively, pursuant to Section 3 of the FAA, the litigation is subject to a mandatory stay and should be stayed pending arbitration. *See, e.g.*, *Lambert v. Austin Ind.*, 544 F.3d 1192, 1195 (11th Cir. 2008) ("[T]he FAA requires a court to either stay or dismiss a lawsuit . . .").

## III.   Defendant is entitled to an award of costs and attorneys' fees.

The Court is required to award Defendant its costs and attorneys' fees incurred in connection with this motion and its effort to compel arbitration and obtain dismissal of Plaintiff's claims as required under the terms of the Arbitration Clause.  *See* **Ex. A**  §37(k) quoted above in Section I p.5; *Rent-A-Center*, 561 U.S. at 67.  Provisions in contracts awarding attorney's fees and costs to the prevailing party are generally enforced. *Lashkajani v. Lashkajani*, 911 So.2d 1154, 1158 (Fla. 2005). Moreover, as the Florida Supreme Court held in *Lashkajani,* trial courts do

not have the discretion to decline to enforce such provisions, even if the challenging party brings a meritorious claim in good faith. *Id.*

In this case, the Arbitration Agreement states that if a party to the agreement files a lawsuit in contravention of the mandatory mediation and arbitration provisions, then that party is responsible to the reasonable attorneys' fees and costs incurred in obtaining dismissal or stay of the improperly filed lawsuit. As such, under Florida law, this Court is required to award Defendant its reasonable attorneys' fees and costs incurred in pursuing this motion to compel arbitration.

In the event the Court grants Defendants motion, Defendants request the Court provide Defendants an opportunity to submit an application for its fees and costs once those have been compiled and totaled.

## CONCLUSION

Wherefore, Defendant respectfully requests that the Court enter its Order and Judgment enforcing the Arbitration Agreement and compelling Plaintiff to arbitrate her claims in accordance with the terms of the Arbitration Agreement, and awarding Defendant its reasonable attorneys' fees and costs incurred herein in an amount to be proved by separate application and/or hearing, dismissing Plaintiff's Complaint or, in the alternative, staying the litigation until the arbitration has been fully resolved, and for such other and further relief as the Court deems just and proper.

## CERTIFICATION OF CONFERRAL PURSUANT TO
## LOCAL RULE 3.01(g)

The undersigned counsel hereby certifies that, pursuant to Local Rule 3.01(g), conferred with opposing counsel regarding whether they consent to or oppose Plaintiff's Motion to Compel Arbitration. Opposing counsel responded, indicating their preference to stay the case pending arbitration but has not provided a definitive position on whether they oppose or do not oppose the motion. The undersigned remains willing to confer further with opposing counsel and will update this Certification should additional communication occur or a definitive position be provided.

Respectfully submitted,

/s/ J. Kirby McDonough
J. Kirby McDonough
Florida Bar No. 79031
SPENCER FANE LLP
201 N. Franklin St., Ste. 2150
Tampa, FL 33602
Phone: 813-424-3501
Fax: 813-405-8904
kmcdonough@spencerfane.com
Secondary: ecoutu@spencerfane.com
Counsel for Defendant

14

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that the foregoing was served upon counsel of record by mail and electronic mail at the address specified below and filed electronically with the United States District Court for the Middle District of Florida on December 30, 2024, with notice of case activity generated and sent to counsel of record.

*/s/ J. Kirby McDonough*